IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBIN VINES, ON BEHALF OF QUINDASIA EDWARDS, A MINOR,**<br><br>Plaintiff,<br><br>v.<br><br>**LAYTON McGRADY, individual and official capacity; TYLER MURPHY, individual and official capacity; CITY OF ANNISTON, ALABAMA, et al.,**<br><br>Defendants. | CASE NO.: 1:14-cv-00351-KOB |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the "Defendants' Motion for Partial Summary Judgment." (Doc. 31). Plaintiff Robin Vines, on behalf of her minor daughter Quindasia Edwards, sued the City of Anniston, and Police Chief Layton McGrady, Officer Tyler Murphy, and Officer "FNU Warren" in their official and individual capacities following the arrest and detention of Quindasia Edwards on March 2, 2012. The Defendants filed a partial motion for summary judgment as to certain claims against the Defendants. However, Officer Murphy does not seek summary judgment as to Vines' claims based on his alleged use of force. For the

1

reasons discussed below, the court **GRANTS** Defendants' motion.

**I. Material Facts[1]**

This case stems from the arrest and detention of Quindasia Edwards following a fist fight between Edwards and LaSharon Denise Jenkins in March of 2012. On March 2, 2012, shortly after 12:00 p.m., Anniston police dispatch reported a large fight in progress in Anniston, Alabama. Defendant Officer Tyler Murphy was the first police officer to arrive at the scene. When Officer Murphy arrived at the scene, Edwards and Jenkins had been fighting for approximately three minutes. Officer Murphy tackled both Edwards and Jenkins while both were holding one another, and Officer Murphy separated them. While he was attempting to handcuff Jenkins, Edwards kicked Jenkins in the face and ran.

Other officers on the scene stopped and handcuffed Edwards. After Officer Murphy finally handcuffed Jenkins, Edwards alleges that Officer Murphy kicked her in the face and injured her. The officers arrested Edwards, Jenkins, and Jenkins' mother for disorderly conduct. Another officer, Officer Wade transported Edwards from the fight scene to the Anniston Police Department. Edwards was

---

[1] In response to the Defendants' partial motion for summary judgment, Ms. Vines only opposes entry of summary judgment as to the false imprisonment claim against Officer Murphy. Accordingly, the court will only discuss the facts necessary for context and the facts material to Ms. Vines' false imprisonment claim. Additionally, the court notes that these are the facts viewed in the light most favorable to the Plaintiff and may not the facts established at trial.

taken to the booking area, where she informed the officers that she was suffering from a headache after being kicked by Officer Murphy.

After Edwards' arrest, she was booked at the Anniston Police Department; Officer Murphy called juvenile probation; and the juvenile probation officer instructed him to release Edwards to her parents. (Doc. 31-1 at 69-72). When Edwards's mother, Robin Vines, arrived at the Anniston Police Department, she asked to speak with an officer, and someone directed her to speak with a sergeant. (Doc. 31-4 at 33).[2] The sergeant informed Ms. Vines that he had to talk with "juvenile detention," he was waiting on a response, and he had not yet gotten a call from juvenile detention. (Doc. 31-4 at 33). Ms. Vines talked with the juvenile probation officer and learned that the probation officer had already told Officer Murphy to release the children. (Doc. 31-4 at 33). After Ms. Vines called on a councilman and a reverend to assist her in securing Edwards' release, Edwards was eventually released from detention around 6:00 p.m., after spending approximately two hours in a jail cell.

After being released from police custody, Edwards was admitted to Stringfellow Hospital and released on the same day. At the hospital, Edwards was

---

[2]Although Plaintiff cites this page of her deposition for her proposition that "without reasonable justification, the jail delayed in releasing Edwards," (doc. 38 at 12), the court notes that Plaintiff's assertion is a conclusion, not a fact.

diagnosed with a concussion, brain injury, and a contusion on the brain.

## II. Standard of Review

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other

similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e) ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). The nonmoving party need not present evidence in a form admissible at trial;

"however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324. If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254. The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *see Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000). "Even if a district court 'believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (citing *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006)).

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). The nonmoving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed

and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

### III.  Analysis

Ms. Vines asserts seven counts against the Defendants in this case: Count 1– a 42 U.S.C. § 1983 "negligence" claim against the City for failure to supervise; Count 2 – a § 1983 conspiracy claim against "the Defendants"; Count III – a § 1983 false arrest claim against Officer Murphy, Officer "William," and other fictitious parties [3]; Count V[4]– a § 1983 and "29 U.S.C. § 2679(2)(a)"[5] claim related to assault and battery (excessive force) against Officers Murphy, "William," and "Warren" and other fictitious parties; Count VI – a state law Assault and Battery claim against Officer "Warren," Officer Murphy, and fictitious parties; Count VII– a state law false imprisonment claim against the "Defendants"; and Count VIII – a state law negligence claim against the

---

[3] As explained below, Ms. Vines' claims against Officers "FNU Warren," "William" and other fictitious parties are due to be dismissed.

[4] Plaintiff's complaint does not contain a "Count IV." However, for purposes of this Opinion, the court will keep the same numbering used in Plaintiff's complaint.

[5] The statute cited by the Ms. Vines does not exist.

Defendant Officers. (Doc. 1).

Although Defendants' partial motion for summary judgment asserts that summary judgment is due to be granted as to a number of Plaintiff's claims, Officer Murphy does not pursue summary judgment on "force claims" asserted against him in Counts V, VI, VIII.  Further, the Plaintiff *only* opposes the entry of summary judgment as to her claims against Officer Murphy for false imprisonment. (*See* doc. 8).

### A. Unopposed Claims

In response to the Defendants' partial motion for summary judgment, Ms. Vines concedes that the Defendants' motion is due to be granted as to her claims against Officer Murphy for false arrest in Count III, claims for conspiracy against the Defendants in Count II, and claims in Count I against the City and Chief McGrady for inadequate training and supervision. (Doc. 38 at 13- 15).

In her complaint, Ms. Vines asserts claims against "FN Warren" and also appears to assert claims against an Officer "William." Although she states in the Complaint that she will amend her complaint after sufficient discovery permits her to properly identify the true name and locate defendant Warren, (Doc. 1 at 3), Ms. Vines has not amended her complaint as to any officer, other than Officer Murphy. Additionally, Plaintiff offers no opposition to the Defendants' arguments that

Plaintiff's claims against Officer "FNU Warren" and/or "William" should be dismissed. Accordingly, the Plaintiff's claims against Officer "FNU Warren" or "William" are abandoned. *See Davis v. Coca-Cola Bottling Co., Consol*, 516 F.3d 955, 971 n. 36 (11th Cir. 2008) ("[Plaintiff] did not defend the claim on summary judgment; thus he abandoned it."); *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that claims not addressed in response to motion for summary judgment are deemed abandoned); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment).

Similarly, Plaintiff did not respond to the Defendants's arguments regarding Plaintiff's official capacity claims against the Defendant officers; therefore, she has abandoned them. Even if her claims were not abandoned, Vines' official capacity claims fail for the same reason as her claims against the City, as described subsequently. A § 1983 action against a governmental official in his *official* capacity is deemed a suit against the entity that he represents" and is "essentially a complaint against the City." *Ludaway*, 245 Fed App'x at 951 (emphasis in original and internal quotation marks and citations omitted). However, Plaintiff admits that his basis for holding the City liable – inadequate supervision and training– is not

supported by the evidence. Because Plaintiff's official capacity suit against the Defendant Officers is functionally the equivalent of her claims against the City that she now concedes is not supported by the evidence, the Defendants' motion for summary judgment as to all official capacity claims is due to be granted.

Ms. Vines also does not provide any opposition to the City's arguments that summary judgment should be granted as to any vicarious liability claims she asserts against the City. Therefore, to the extent she asserts any vicarious liability claims against the City, Ms. Vines has abandoned those claims. *Davis*, 516 F.3d at 971 n. 36.

### B. False Imprisonment – Officer Murphy

Officer Murphy argues that he entitled to summary judgment as to Ms. Vines' false imprisonment claims.[6] Although Ms. Vines concedes that Officer Murphy had probable cause to arrest Edwards, in response to Officer Murphy's motion, she now contends that Edwards was "held in custody by jailers beyond the time she was ordered [to be] released" by a juvenile probation officer. (Doc. 38 at 13).

---

[6] Although the Defendants argue that Officer Murphy is entitled to summary judgment as to Plaintiff's state law and § 1983 false imprisonment claims, Plaintiff only asserts a state law false imprisonment claim against Officer Murphy. (*See* doc. 1). However, even if the Plaintiff asserted a § 1983 claim for false imprisonment, the court would grant the motion for summary judgment as to that claim for the same reasons it is granting the motion as to the state law claim.

The Defendants contend that Plaintiff's "over-detention" argument in opposition to summary judgment is an impermissible attempt to amend her complaint in response to summary judgment. The Defendants further argue that the Plaintiff's complaint failed to provide any notice that Plaintiff's false imprisonment claim was based an over-detention theory. The court has carefully reviewed the entirety of Ms. Vines complaint and notes that it fails to mention and asserts no fact that Edwards remained in detention after she should have been released from the jail. At best, the complaint asserts that the officers arrested and detained Edwards when they lacked probable cause to believe that she committed a crime.

Because the complaint only asserts that Defendants falsely imprisoned Edwards when the officers arrested and subsequently detained her when she had not committed any crime, and Plaintiff did not amend or request leave to amend her complaint to assert a claim based on Edwards' alleged "over-detention," the court will not consider Plaintiff's un-pled over-detention theory when deciding this motion.  Simply put, a plaintiff may not amend her complaint "through an argument at the summary judgment stage." *Flintlock Const. Serv., LLC v. Well-Come Holdings, LLC.*, 710 F.3d 1221, 1228 (11th Cir. 2013) (citing *GeorgiaCarry.Org, Inc., v. Georgia*, 687 F.3d 1244, 1258 n. 27 (11th Cir. 2012).

"At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)(2)." *Id*. (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

The only claim for false imprisonment in Ms. Vines' complaint is based on her assertion that the officers did not have probable cause to arrest and detain Edwards, but Ms. Vines now concedes Officer Murphy and the other officers had probable cause to arrest Edwards. Accordingly, summary judgment is due to be granted as to Plaintiff's false imprisonment claim <u>actually pled</u> in her complaint.[7]

**V. Conclusion**

For the reasons discussed above, the court **GRANTS** the Defendants' Partial Motion for Summary Judgement. Specifically, the court **GRANTS** the Defendants' motion as to all claims against the City, all claims against Chief McGrady, all claims asserted against "FNU Warren" and other improperly identified or factitious parties, and all official capacity claims. The court also **GRANTS** the motion as to Ms. Vines' conspiracy, false arrest, and false imprisonment claims against Officer Murphy.

---

[7] Even if the complaint can be read to plead an "over-detention" claim, Ms. Vines failed ro provide sufficient facts that Officer Murphy played any role in that delay. *See Upshaw v. McArdle*, 650 So. 2d 875, (Ala. 1994).

This case will proceed only as to Plaintiff's claims in Counts V, VI, VIII related to Officer Murphy's alleged use of force against Edwards.

**DONE** and **ORDERED** this 7th day of July, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE